IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL DEE SMITH, | § | |
|  Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-CV-0295-L (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID | § | |
|  Respondent. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this habeas corpus petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed on limitations grounds.

I.

Petitioner, a Texas prisoner, filed a petition for writ of habeas corpus pursuant 28 U.S.C. § 2254, challenging his conviction for murder. *State of Texas v. Paul D. Smith*, No. F-04-48191-JS (282nd Jud. Dist. Ct., Dallas County, Tex., Nov. 17. 2004). He was sentenced to life in prison. On June 22, 2006, the Eighth District Court of Appeals affirmed his conviction and sentence. *Smith v. State*, No. 08-05-00018-CR (Tex. App. – El Paso 2006,

pet. ref'd). On October 4, 2006, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 1198-06.

On January 17, 2008, Petitioner filed a state habeas petition. *Ex parte Smith*, No. 70,178-01. On August 13, 2008, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing. On August 28, 2016, Petitioner filed a second state habeas petition. *Ex parte Smith*, No. 70,178-02. On December 14, 2016, the Court of Criminal Appeals dismissed the petition as subsequent.

On January 23, 2017, Petitioner filed the instant § 2254 petition. He argues: (1) he received ineffective assistance of counsel; and (2) the State improperly admitted extraneous offense evidence.

## II.

**A.    Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On October 4, 2006, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. The conviction became final ninety days later, on January 2, 2007. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review

---

[1]The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

expires regardless of when mandate issues). Petitioner then had one year, or until January 2, 2008, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 17, 2008, Petitioner filed his first state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by January 2, 2008. He did not file his petition until January 23, 2017. His petition is therefore untimely.

### B.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d

4

398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner states he thought he had one year from the filing of his state habeas petition to file his § 2254 petition. (ECF No. 3 at 9.) Ignorance of the law, however, does not support a claim of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner has failed to establish that he was misled by the State or prevented in some extraordinary way from asserting his rights. His claim for equitable tolling should be denied.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed June 5, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).